UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LIBBY A. DEMERY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-216 (RMC) |
| JOHN M. MCHUGH, *Secretary of the Army*, | ) ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

Pro se plaintiff Libby Demery alleges that she was twice not selected for a position as a Management Analyst with the National Guard in Arlington, Virginia. Ms. Demery contends that her non-selection constituted employment discrimination and violated the Army's hiring procedures. Defendant moves to dismiss or to transfer due to improper venue. The motion will be granted and the case will be transferred to the District of Maryland.

I. FACTS

Ms. Demery is a 62-year-old African-American female who resides in Maryland. Compl. [Dkt. 1] ¶¶ 1, 16. Until retirement from active duty in the Army on September 3, 2009, she worked as a warrant officer for the U.S. Army Reserve. *Id.* ¶ 16. She is eligible for a ten-point hiring preference among applicants for federal jobs due to a service-related disability. *Id.*

Ms. Demery asserts that, in the fall of 2010, she applied for a position—"identical" to her pre-retirement position—as a Management Analyst, GS-343-11, "at the National Guard Bureau, Arlington, VA." *Id.* ¶ 1. According to Ms. Demery, she was selected for the position on November 3, 2010, but was not placed in it; instead, John Wood, a forty-year-old Caucasian male, also eligible for a ten-point preference, was hired and started work on

1

January 3, 2011. *Id.* ¶¶ 1, 16–17, 35. However, Mr. Wood vacated the position just a few months later. *Id.* ¶ 35. Ms. Demery alleges that she should have been automatically been selected for the Management Analyst position in April or May 2011 when Mr. Wood left based on her hiring preference, but instead the job was awarded to Barbara Stoucker, a 60-year-old Caucasian woman with no veteran's preference. *Id.* ¶¶ 1, 35, 38. Ms. Demery avers that "the discriminating facility/organization" is the Army's "Northeast Regional Region, Civilian Personnel Advisory Service (CPAS), Aberdeen Proving Ground, Maryland." *Id.* ¶ 17.

Ms. Demery alleges that she has exhausted her administrative remedies. *See id.* ¶¶ 2–13. On February 20, 2013, she filed suit against Secretary of the Army John M. McHugh, raising various claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34; 42 U.S.C. § 1981; and "5 U.S.C. § 3318" and the "Veterans Preference Act of 1944." *See generally id.* Although Ms. Demery's complaint refers to "RETALIATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT," *id.* at 22, she has clarified that she does not advance such a claim, Pl. Am. Opp. MTD, Dkt. 8, at 4.

Defendant moved to dismiss, *see* Def. MTD, Dkt. 5, and Ms. Demery filed an opposition, Dkt. 6, and an amended opposition, Dkt. 8. The Court issued an order advising Ms. Demery of the consequences of failing to respond pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and permitted her to file a supplemental memorandum, *see Fox* Order, Dkt. 9, which she did, *see* Pl. Supp. Opp, Dkt. 11. The motion is fully briefed and ready for resolution.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff "has brought the case in a venue that the law deems appropriate." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). "If the plaintiff's

2

chosen forum is an improper venue under applicable statutes, or is otherwise inconvenient, the Court may dismiss the action or transfer the case to a district where venue would be proper or more convenient." *Id.* (citing 28 U.S.C. § 1406 (providing for dismissal or transfer when venue is defective) and 28 U.S.C. § 1404 (allowing venue transfer "for the convenience of the parties and witnesses")). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). On a motion to dismiss based on improper venue under Rule 12(b)(3), the Court accepts as true a plaintiff's well-pled factual allegations regarding venue but "may consider material outside of the pleadings." *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (citing *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002)).

### III. ANALYSIS

Defendant argues that the Court should either dismiss the case for improper venue or transfer it to the Eastern District of Virginia or the District of Maryland, where venue would have been proper under Title VII's special venue provisions, 42 U.S.C. § 2000e-5(f)(3).[1] Def. MTD at 5–8. Under 42 U.S.C. § 2000e-5(f)(3), venue for a Title VII claim is proper in four possible districts: "in [1] any judicial district in the State in which the unlawful employment

---

[1] As Defendant acknowledges, Def. MTD at 6 n.3, Ms. Demery also cites § 1981, the ADEA, and certain provisions of the U.S. Code governing preference-eligible hiring. Other courts of this Circuit—although not the D.C. Circuit itself—have applied two different approaches in determining whether the stricter Title VII venue provision controls when Title VII claims are joined with other claims. *See James v. Booz-Allen*, 227 F. Supp. 2d 16, 21 (D.D.C. 2002) (surveying split of authority between "greater weight of authority" (*per se* application of Title VII provision) and "minority approach" (determination of whether Title VII claim is "primary" claim)). Under either approach, the Court finds that the Title VII venue provision controls. Even if it did not, the Court would transfer the case to the District of Maryland, where venue would be proper as to all of Ms. Demery's claims, in the interest of justice under 28 U.S.C. § 1404(a).

3

practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) (noting that it is "clear" that Congress intended to restrict Title VII venue "to the judicial district concerned with the alleged discrimination").

Venue is proper in the Eastern District of Virginia under prongs 1 and 3 of § 2000e-5(f)(3) or in the District of Maryland under prongs 1 and 2. The Court will review each of the potential statutory venues by prong. As to prong 1, Plaintiff's allegations implicate allegedly discriminatory acts that took place either where she wished to work in Arlington, Virginia, Compl. ¶ 1, or at the Army's "Northeast Regional Region, Civilian Personnel Advisory Service (CPAS), Aberdeen Proving Ground, Maryland," *id.* ¶ 7. Prong 2 makes venue proper where "the employment records relevant to such practice are maintained and administered;" Defendant has offered the Declaration of Sandiann Devaney, Department of the Army Human Resources Specialist, who confirms that the records relevant to the Management Analysis position (including Ms. Demery's application) are kept at Aberdeen Proving Grounds in Maryland. *See* Def. MTD, Ex. 1 [Dkt. 5-2]. As to prong 3, Defendant correctly notes that "Plaintiff's claim is centered on her non-selection for two positions located at [the National Guard's] offices in Arlington, Virginia, and, accordingly, that is where she would have been working but for the alleged discrimination." Def. MTD at 7; *see also* Compl. ¶ 1 (referring to Management Analyst position based in Arlington, VA). Thus, venue would be proper in either

4

the Eastern District of Virginia or the District of Maryland, but not the District of Columbia. *See, e.g.*, *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 9 (D.D.C. 2003) (finding venue proper in District of Columbia where plaintiff would have worked in D.C. if she had been offered the position for which she applied); *see also Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) ("[V]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation." (quoting *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983)).

Importantly, Plaintiffs' allegations do not lay venue in Washington, D.C. under any of the relevant provisions. Ms. Demery relies on the contention that "the critical approval records are stored at OPM [the Office of Personnel Management]'s Washington, DC Office." *See* Pl. Supp. Opp. at 3, 6 ("The Plaintiff has brought her claims to this court based on the location of [OPM] and its administration documents . . . ."). She also asserts that "the Defendant, John McHugh, has an official address, office, and conducts substantial business through his facilities and agents with [OPM] within the Washington DC area to establish jurisdiction." *Id.* at 7. These arguments fail for several reasons. First, as stated above, the records for Ms. Demery's application remain at Aberdeen, Maryland. Second, Ms. Demery's arguments—which confuse venue with personal jurisdiction—are nonresponsive to the venue inquiry under 42 U.S.C. § 2000e-5(f)(3), which only permits the Court to consider the principal office location when venue is not proper under any of the first three prongs of Title VII's venue provisions. Finally, Defendant's principal office actually is located at the Pentagon in Arlington, Virginia, notwithstanding the use of a Washington, D.C. mailing address. *See* Def. MTD at 7–8 (citing, *inter alia*, *Donnell*, 568 F. Supp. at 94–95).

5

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that venue is not proper in the District of Columbia under 42 U.S.C. § 2000e-5(f)(3) but would be proper in the Eastern District of Virginia or the District of Maryland.  Because Ms. Demery resides in Maryland, the relevant records are located there, and the alleged discriminatory practice took place there, the Court will order that the case be transferred to the United States District Court for the District of Maryland in the interest of justice, pursuant to 28 U.S.C. § 1406(a).


DATE: August 7, 2013

                                    /s/
                             ROSEMARY M. COLLYER
                             United States District Judge