**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |
|---|---|
| **Libby A. Demery,** | * |
| **Plaintiff,** | * |
| v. | * Case No.: PWG-13-2389 |
| **John M. McHugh,** *et al.*, | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Libby Demery applied for employment as a Management Analyst at the National Guard Bureau, but Defendant John McHugh, Secretary of the Army, selected another individual, John Woods, through the Priority Placement Program ("PPP").[1] Compl. ¶ 1, ECF No. 1. According to Demery, Defendant discriminated against her, a sixty-two year old African American, "30% Compensated Veteran," in selecting Woods instead of her and again when he hired another individual, Barbara Stoucker, instead of her for the same position after Woods vacated it. *Id.* She claims that these denials of employment were "discrimination of Race, Age, Veterans' Preference and retaliation for seeking employment, in violation of Title VII of the Civil Rights Act of 1963 [42 U.S.C. § 2000e], Civil Rights Act 1991 Sec 102 & 103," the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(c), and the Veterans Employment and Opportunities Act ("VEOA"), 5 U.S.C. §§ 3301 – 3330d. *Id.* I must determine whether this Court has subject matter jurisdiction and, if so, whether Plaintiff has stated a claim against

---

[1] The PPP is "a program that provides employment priority to certain agency employees whose job positions have been eliminated or relocated with new, comparable positions within their current commuting area." Def.'s Mem. 1, ECF No. 22-1.

McHugh. I also must determine whether to permit Plaintiff to amend her Complaint.[2] Because this Court lacks subject matter jurisdiction over the majority of Plaintiff's claims and, insofar as this Court has jurisdiction, Plaintiff failed to state a claim, I will dismiss her Complaint. Further, because amendment would be futile, I will deny her motions to amend.

## I. PROCEDURAL BACKGROUND

After Defendant twice failed to hire Plaintiff, selecting Woods and then Stoucker instead of her, Plaintiff filed a formal EEO complaint on August 2, 2011, Compl. ¶ 3, alleging age and disability discrimination. Correction to Notice of Rescission and Partial Acceptance Ltr. 108, Compl. Ex. 12, ECF No. 1-1;[3] Denial of Reconsideration 1, Def.s' Mem. Ex. 2, ECF No. 22-4. The Equal Employment Opportunity Commission ("EEOC") dismissed the complaint as untimely and then partially rescinded its dismissal. Compl. ¶ 7; Def.'s Mem. 4, ECF No. 22-1. Specifically, the EEOC accepted the formal complaint as to the claims pertaining to non-

---

[2] Defendant moved to dismiss or, alternatively, for summary judgment, ECF No. 22, in response to which Plaintiff moved to amend her complaint, ECF No. 24. I granted her leave to amend, ECF No. 26; Defendant renewed his Motion to Dismiss or, in the Alternative, for Summary Judgment as to Plaintiff's Amended Complaint (which Defendant had received although Plaintiff had not filed it yet), ECF No. 28; and I denied the earlier Motion to Dismiss or, in the Alternative, for Summary Judgment as moot, ECF No. 31. Plaintiff opposed Defendant's Motion, ECF No. 34, and filed her Amended Complaint, ECF No. 35.

  Because the Amended Complaint exceeded the scope that Plaintiff proposed in her Motion to Amend, I notified the parties that I would treat it as a Second Motion to Amend. Jan. 8, 2014 Ltr. Order 1, ECF No. 36. Defendant filed a Reply with regard to his Motion to Dismiss, along with an Opposition to Plaintiff's Second Motion to Amend. ECF No. 41. Plaintiff filed a Third Motion to Amend Complaint. ECF No. 43. Defendant McHugh has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). Thus, currently pending are Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 28, and Plaintiff's Second and Third Motions to Amend, ECF Nos. 36 & 43. For the reasons stated in this Memorandum Opinion and Order, I will treat Defendant's Motion as a Motion to Dismiss and grant it, and I will deny Plaintiff's Motions. This Memorandum Opinion and Order disposes of ECF Nos. 28, 36, and 43.

[3] Plaintiff filed all of her Exhibits as one attachment to her Complaint; the page number cited is the page number in the document as filed in CM-ECF.

selection for the position at the time Barbara Stoucker was hired.  Def.'s Mem. 4.  The dismissal remained in effect as to Demery's claims pertaining to her non-selection at the time John Woods was hired; the EEOC found these claims to be untimely because "Ms. Demery did not see an EEO counsel until some 77 days after she learned that Woods was hired for the position."  *Id.*  The EEOC explained to Plaintiff that she could not appeal "[t]he dismissed portion of [her] complaint . . . until final action is taken on the remainder of the complaint."  *Id.* at 4-5; Compl. ¶¶ 8-11.  Plaintiff sought reconsideration, which the EEOC denied.  Compl. ¶¶ 8-11.

Plaintiff states that she filed a timely appeal with the Equal Employment Opportunity Commission, arguing that equitable tolling should apply because Defendant withheld information.  *Id.* ¶ 4.  She claims that she received her Right to Sue notice on November 20, 2012.  She contends that her July 29, 2011 informal complaint "was erroneously processed and illegally converted," *Id.* ¶ 12, and that she never had the "opportunity to file a Formal Complaint, receive[] a decision from Defendant" or "Appeal to the EEOC," *id.* ¶ 13.

Additionally, Plaintiff "filed Veteran's Preference complaints with Department of Labor, Office of Secretary for Veterans Employment and Training (VETS), June 2011 and July 2012," claiming that Defendant violated her rights as a veteran by not giving her preferential treatment as a job applicant.  Compl. ¶ 2; Pl.'s Nov. 13, 2013 Opp'n 5, ECF No. 25.  The Department of Labor ("DOL") investigated the June 2011 complaint and concluded that there was "'no violation of veteran's rights.'"  Pl.'s Nov. 13, 2013 Opp'n 5.  She admits that she did not "file timely (15 day) appeal [to] MSPB," contending that she "was not knowledgeable or [aware of] enough information" to file a timely appeal.  *Id.* at 6.  As for the July 2012 complaint, the DOL informed Plaintiff by a letter dated September 5, 2012 letter that it "closed [her] Veterans' Preference complaint because [her] claim was not filed within the . . . VEOA[] statutory deadline

of 60 days from the date of the alleged violation," and notified her that she had fifteen days to appeal. Def.'s Mem. Ex. 4, ECF No. 22-6. Plaintiff did not file her appeal with the MSPB until October 18, 2012; the MSPB dismissed it as untimely on February 4, 2013. Def.'s Mem. 5-6.

## II.   FAILURE TO EXHAUST

### A. Standard of Review

"'[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies.'" *Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). On this basis, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1). Def.'s Mot. 1. In considering Defendant's motion, "the Court may . . . consider matters beyond the allegations in the complaint" because Defendant asserts that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

The burden is on the plaintiff to prove that subject matter jurisdiction exists when a defendant challenges subject matter jurisdiction. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion

'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

### B. Claims with Regard to Non-Selection in Favor of Woods

One requirement for exhaustion is that an individual who believes that she has been discriminated against in violation of Title VII must file a timely complaint with the EEOC pursuant to 42 U.S.C. § 2000e-5(e)(1). *Balas*, 711 F.3d at 406; *Krpan v. Bd. of Educ. of Howard Cnty.*, No. ELH-12-2789, 2013 WL 4400475, at *5 (D. Md. Aug. 15, 2013). Additionally, prior to filing the complaint, the aggrieved individual "must consult a Counselor . . . to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). This consultation requirement serves "'to encourage early resolution of discrimination claims on a less contentious and less adversarial basis.'" *Upshaw v. Tenenbaum*, No. PWG-12-3130, 2013 WL 3967942, at *5 (D. Md. July 31, 2013) (citation omitted). The deadline for contacting an EEO counselor is "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action," *id.* § 1614.105(a)(1), unless the individual has a reasonable explanation for her delay, in which case the EEOC will extend the deadline, *id.* § 1604.105(a)(2).

Plaintiff "applied, [was] referred and interviewed for the position [of Management Analyst] on October 10, 2010." May 22, 2012 EEO Ltr. to Demery 2, Compl. Ex. 12, at 109. She received a tentative offer on November 3, 2010, but then heard nothing about the status of her application for almost half a year, despite making repeated inquiries. *Id.* According to Plaintiff, she was referred for the position again on April 15, 2011, Compl. ¶ 38, and she "suspected discrimination . . . based on new referrals for the same [job] Announcement," Pl.'s Nov. 13, 2013 Opp'n 7. Thus, she knew or should have known by April 15, 2011 that she was

5

not selected for the position when she "received an email from USAJOBS that [her] application for that position had been referred to the selecting official" once again. May 22, 2012 EEO Ltr. to Demery 2; *see* Compl. ¶ 38. She claims that she contacted an EEO counselor on June 26, 2011 and that the informal complaint she filed on July 1, 2011 was "within forty-five days of suspected discrimination" and therefore "timely." Compl. ¶ 38.

Despite her assertions of timeliness, Plaintiff failed to contact an EEO counselor within forty-five days. Although she contends that Defendant tried to prevent her from learning of the discrimination so that her contact would fall outside the window, *see* Compl. ¶¶ 40-44, she does not provide a reasonable explanation for delaying more than forty-five days beyond April 15, 2011, the date on which she should have known about Defendant's hiring decision, regardless of any alleged efforts by Defendant to conceal that information. Indeed, she admits that she "suspected discrimination" after receiving an email about the job posting on that date. Pl.'s Nov. 13, 2013 Opp'n 7. Therefore, Plaintiff failed to exhaust her administrative remedies as to claims based on her non-selection in favor of Woods, and these claims must be dismissed. *See Balas*, 711 F.3d at 406; *Murphy*, 2014 WL 3845804, at *7.

### C. Claims with Regard to Non-Selection in Favor of Stouker

Another requirement for exhaustion is that the nature of the claim be stated in the EEO complaint, because a plaintiff only exhausts her administrative remedies as to "'those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint.'" *Van Durr v. Geithner*, No. 12-2137-AW, 2013 WL 4087136, at *4 (D. Md. Aug. 12, 2013) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)); *see Balas*, 711 F.3d at 407 (noting that any claims that "exceed the scope of the EEOC charge and any charges that

would naturally have arisen from an investigation thereof . . . are procedurally barred" (citations and quotation marks omitted)); *Krpan*, 2013 WL 4400475, at *5–6 (granting motion to dismiss count for discrimination based on national origin because plaintiff "did not include such a claim in his complaint to the EEOC"); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2004) (affirming summary judgment on claims of color and sex discrimination, because EEOC charge only alleged race discrimination). Plaintiff only alleged age and disability discrimination in her EEO complaint. Denial of Reconsideration 1 (stating that Demery "alleged that she was discriminated against on the basis of age and disability"). Therefore, Plaintiff failed to exhaust her administrative remedies as to her retaliation and race claims, and these claims must be dismissed. *See Balas*, 711 F.3d at 407; *Vann Durr*, 2013 WL 4087136, at *4.

### III. CLAIMS BASED ON DENIAL OF VETERAN'S PREFERENCE COMPLAINTS

"The VEOA grants preferences to veterans who seek federal employment" and "vests . . . veteran[s] with the right to challenge" an employing agency's rejection of their "request for preference employment." *Asatov v. Dep't of the Air Force*, 534 F. App'x 951, 952 (Fed. Cir. 2013) (citing 5 U.S.C. § 3330a). A veteran can challenge the rejection through a claim to the DOL, filed "within sixty days after the date of the alleged injury to the veteran's preference rights," and, if that is unsuccessful, an appeal to the Merit Systems Protection Board ("MSPB" or "Board"). *Id.*; *see* 5 U.S.C. § 3330a(a), (d). If the veteran's claim encompasses a discrimination claim and the Board's decision is on the merits of the employee's discrimination claim, jurisdiction over the appeal lies with a federal district court or the EEOC. *Conforto v. Merit Systems Protection Bd.*, 713 F.3d 1111, 1115 (Fed. Cir. 2013) (citing 5 U.S.C. §§ 7702(a)(3), 7703(b)(2) and 29 C.F.R. 1614.303–310). Significantly, in all other cases besides whistleblower actions, "a petition to review a final order or final decision of the Board shall be filed in the

United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A); *see* 5 U.S.C. § 7703(b)(1)(B), (2).

Here, Demery filed discrimination claims, but she filed them with the EEOC. She characterized her DOL complaints as "Veteran's Preference complaints," and she has not shown that they included any discrimination claims. Therefore, the Federal Circuit, and not this Court, has jurisdiction over Plaintiff's claims based on the Board's dismissal of her appeal. *See* 5 U.S.C. § 7703(b)(1)–(2); *Conforto*, 713 F.3d at 1115. These claims must be dismissed for lack of jurisdiction.[4] *See* 5 U.S.C. § 7703(b)(1)–(2); *Conforto*, 713 F.3d at 1115.

## IV. FAILURE TO STATE A CLAIM

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

---

[4] Even if this Court had jurisdiction, these claims would be dismissed because Plaintiff's appeal of her July 2012 complaint was untimely and Plaintiff concedes that she did not file a timely appeal of her June 2011 DOL claim, Pl.'s Nov. 13, 2013 Opp'n; indeed, it is not clear from the filings that she filed any appeal at all of her earlier claim. The Board's dismissal of her appeal as untimely based on its conclusion that equitable tolling did not apply was not "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 7703(c); see *Bankston v. Henderson*, 213 F.3d 630 (2000) (citing U.S.C. § 7703(c)).

Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiff is proceeding *pro se*, and her Amended Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md.1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir.1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

    **B. Age and Disability Discrimination Claims with Regard to Non-Selection in Favor of Stouker**

    *1. Age Discrimination*

Age discrimination claims are brought under the ADEA, and a plaintiff must establish four elements to state a claim for failure to hire. *Ferebee v. International House of Pancakes*, No. DKC-13-3817, 2014 WL 3557198, at *2 (D. Md. July 17, 2014).

> Plaintiff must allege that: (1) she was in the age group protected by the ADEA, (2) she was qualified for the job for which the employer was seeking applicants, (3) plaintiff was rejected for the job despite being qualified, and (4) she was rejected for the position under circumstances giving rise to an inference of

unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 430 U.S. 133, 142 (2000).

*Id.* Age must be "'the "but-for" cause of the employer's adverse action.'" *Id.* (quoting *Gross v. FBL Fin. Servs ., Inc.,* 557 U.S. 167, 177 (2009)).

Fatally to Plaintiff's case, Plaintiff "must show, more specifically, that 'the position remained open or was filled by a similarly qualified applicant who was *substantially younger* than the plaintiff, whether within or outside the class protected by the ADEA.'" *Gladden v. McHugh*, No. PJM-10-1793, 2011 WL 2791139, at *7 (D. Md. July 13, 2011) (quoting *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (emphasis added in *Gladden*)). As the Supreme Court has explained, "the prima facie case requires '*evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion*,'" and, "[i]n the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996) (quoting *Teamsters v. United States*, 431 U.S. 324, 358 (1977) (emphasis added in *O'Connor*)).

Plaintiff notes that, when Defendant hired Stoucker instead of her, Plaintiff was sixty-two and Stoucker was sixty. Compl. ¶ 1. This insignificant age difference does not give rise to the inference that Defendant hired Stocker instead of Plaintiff because of her age. Therefore, Plaintiff fails to state a claim for age discrimination, *see O'Connor*, 517 U.S. at 312-13, and her age discrimination claim must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

2. *Disability Discrimination*

Defendant refers to Plaintiff's disability discrimination claim, but Plaintiff does not plead discrimination based on a disability in her Complaint. Although she refers to her status as a

veteran ("30% Compensated Veteran"), she never specifies her disability or asserts disability as a basis for discrimination in her Complaint, as originally pleaded or as amended. At most, she states that she "qualifies for special non-competitive hiring authority such as: Veteran Recruitment Appointment (VRA) per her recent separation from the military and disabled." Am. Compl. 8, ECF No. 35-1. Plaintiff specifically alleges "discrimination of Race, Age, Veterans' Preference and retaliation for seeking employment," without alleging disability discrimination. Moreover, none of the statutory provisions she cites—"Title VII of the Civil Rights Act of 1963 [42 U.S.C. § 2000e], Civil Rights Act 1991 Sec 102 & 103," the Age Discrimination in Employment Act, 29 U.S.C. § 626(c), and the Veterans Employment and Opportunities Act ("VEOA"), 5 U.S.C. §§ 3301 – 3330d—provides a remedy for disability discrimination.

Moreover, Plaintiff has not shown that any disability she had qualified as a disability for purposes of stating a claim for disability discrimination. *See Reyazuddin v. Montgomery Cnty., Md.*, No. DKC-11-951, 2014 WL 1153919, at *23 (D. Md. Mar. 20, 2014) ("[To] establish a *prima facie* case for failure-to-hire based on disability[,] Plaintiff must show that she: (1) is disabled within the meaning of the ADA; (2) applied for the vacant position; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." (citing Ander*son v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005))). Thus, to the extent that Plaintiff brings a disability discrimination claim, her claim is dismissed. *See* Fed. R. Civ. P. 12(b)(6).

V.   **SECOND AND THIRD MOTION TO AMEND**

In her Amended Complaint, which I am treating as a Second Motion to Amend, Jan. 8, 2014 Ltr. Order 1, Plaintiff adds Katherine Archuleta, Director of the U.S. Office of Personnel Management, as a defendant. Am. Compl. 1. Again in her Third Motion to Amend, Plaintiff

seeks to add Ms. Archuleta as a defendant.  Pl.'s 3rd Mot. 1.  The Court should deny leave to amend if amendment "would . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

> As a general rule, a civil action for employment discrimination may only be brought against the party named in the original administrative charges filed with the EEOC. *See Alvarado v. Board of Trustees of Montgomery Community College*, 848 F.2d 457, 458 (4th Cir.1988); *Afande v. National Lutheran Home for the Aged*, 868 F.Supp. 795, 800 (D.Md.1994). The naming requirement serves dual purposes: "[f]irst, it notifies the charged party of the asserted violation[;][s]econdly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Alvarado*, 848 F.2d at 458–59.

*Raiford v. Md. Dep't of Juvenile Servs.*, No. DKC-12-3795, 2014 WL 4269076, at *6 (D. Md. Aug. 28, 2014).  There is no indication that Plaintiff named Ms. Archuleta in her EEO complaint.  Therefore, she cannot bring this action against her.  *See id.*  Consequently, amendment would be futile.  *See MTB Servs., Inc.*, 2013 WL 1819944, at *3.

Plaintiff also seeks to amend the substance of her pleading.  *See* Am. Compl.  Yet, none of her proposed changes state a claim for age or disability discrimination or establish that she exhausted her administrative remedies.  Therefore, the changes would be futile, as Plaintiff's claims still would be subject to dismissal.  *See id.* Plaintiff's Second and Third Motions to Amend are denied.  *See id.*

## VI.     CONCLUSION

In sum, for the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 28, IS GRANTED, and Plaintiff's Second and Third Motions to Amend, ECF Nos. 35 & 43, ARE DENIED.  The Clerk is directed to CLOSE THIS CASE.

So ordered.

Dated: September 9, 2014                                        /S/
                                                    Paul W. Grimm
                                                    United States District Judge

lyb